## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ROBERT CRAWFORD** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **HN LOGISTIC, LLC** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES ROBERT CRAWFORD, hereinafter referred to as Plaintiff, complaining of HN LOGISTIC, L.L.C., hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1. Plaintiff is a citizen of Tyler, Smith County, Texas.

2. Defendant, HN LOGISTIC, LLC is a New Jersey limited liability company and does not maintain a registered agent in the State of Texas.  Therefore, pursuant to T.R.C.P. §17.026, service on HN LOGISTIC, LLC may be served by certified mail, return receipt requested, through the Texas Secretary of State, Service of Process, P.O. Box 12079, Austin, Texas 78711-2079.

## JURISDICTION AND VENUE

3. The court has proper jurisdiction over this case pursuant to 28 U.S.C. §1332 of the United States Code.  Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

4.      Venue is proper in this case pursuant to 28 U.S.C. §1391(a)(2) in that all or a substantial amount of the occurrence in question took place in the Eastern District of Texas.

## STATUTE OF LIMITATIONS

5.      Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence.   In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiffs knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendants.

## FACTS OF THE CASE

6.      Plaintiff would show that on or about March 3, 2014, Plaintiff ROBERT CRAWFORD was operating his vehicle in Tyler, Smith County, Texas, when suddenly and without warning, a vehicle owned and operated, or in the alternative, leased by Defendant pursuant to 49 USC 14102/49 CFR 376, et seq., and operated by Defendant's statutory employee, MANJIT SINGH, failed to control his speed and caused a multiple vehicle collision.   Plaintiff would show that due to the collision, ROBERT CRAWFORD sustained severe and disabling injuries.

7.      Plaintiff would further show that at the time of the accident made the basis of this lawsuit and all times material hereto, Defendant, MANJIT SINGH was a statutory employee working in the course and scope of his employment for Defendant.

## CAUSE OF ACTION

8.      Plaintiff alleges that the Defendant, through the acts and omissions of its statutory employee, MANJIT SINGH, was negligent, and such negligence was a proximate cause of the incident and injuries in question.   Plaintiff's resulting injuries and damages were proximately

caused by one or more of the following acts of negligence:

    a.  Failing to maintain a proper lookout.

    b.  In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

    c.  In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

    d.  In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances.

    e.  In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

    f.  In failing to maintain an assured clear distance between Defendant's vehicle and the vehicle in front of him, including Plaintiff's vehicle, as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

    g.  In failing to maintain a safe distance between Defendant's vehicle and the vehicle in front of him, including Plaintiff's vehicle, as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

    h.  In failing to watch out for traffic in front of the Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

    i.  MANJIT SINGH was negligent in other respects.

9.      Plaintiff alleges that the acts and omissions by Defendant MANJIT SINGH violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question in one or more of the following ways:

a. In violating Texas Transportation Code §545.062(a) which provides, "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway," which constituted negligence per se.

b. In violating Texas Transportation Code §545.351(a), which provides, "an operator may not drive at a speed greater than is reasonable and prudent under the circumstances existing," which constituted negligence per se.

c. In violating Texas Transportation Code §545.351(b), which provides, "an operator may not drive a vehicle at a speed that is greater than is reasonable and prudent under the conditions and having regarding to actual and potential hazards then existing, and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care," which constituted negligence per se.

### RESPONDEAT SUPERIOR

10.     Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, MANJIT SINGH was a statutory employee and acting within the course and scope of his employment for the Defendant and in the furtherance of the business interest and pursuits of said Defendant.   In this regard, Plaintiff hereby invokes the doctrine of *respondeat superior* and therefore alleges and contends that each negligent act and/or omission on the part of MANJIT SINGH, is imputed to the Defendant and Defendant is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its statutory employee, MANJIT SINGH.

### STATUTORY EMPLOYEE

11.     Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred MANJIT SINGH was and is considered a statutory employee of the Defendant pursuant

to 49 U.S.C. §14102/49 C.F.R. 376.   In this regard, Plaintiff invokes 49 U.S.C. §14102/49 C.F.R. 376 and contends that Defendant is vicariously liable for all negligent and grossly negligent acts and/or omissions of its statutory employee driver MANJIT SINGH.

## PERMISSIVE USE

12.   Plaintiff would further show that prior to the time the collision occurred, Defendant had leased the vehicle being driven by Defendant's statutory employee, MANJIT SINGH, and was in the possession, custody and control of the vehicle ultimately driven by its statutory employee on the date of the accident made the basis of this lawsuit.   On or about March 3, 2014 Defendant directed its statutory employee, MANJIT SINGH, to use the vehicle in question for the purpose of operating it on the public streets and highways of Texas and, therefore, MANJIT SINGH operated said vehicle with the knowledge, consent and permission of Defendant.

## NEGLIGENT ENTRUSTMENT

13.   Plaintiff would further show that Defendant had custody and control of the vehicle that was being driven by its statutory employee, MANJIT SINGH, at the time of the accident made the basis of this lawsuit.   Plaintiff would also show that Defendant was negligent in entrusting the vehicle to MANJIT SINGH who was a careless, incompetent and reckless driver. Defendant knew or should have known that its statutory employee, MANJIT SINGH, was a careless, incompetent and reckless driver.   Plaintiff would further show that the Defendant, in entrusting the vehicle to MANJIT SINGH was negligent in entrusting the vehicle to its statutory employee, MANJIT SINGH, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

## NEGLIGENT HIRING, RETENTION AND CONTROL

14.   Plaintiff further alleges that Defendant, through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.   Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, to-wit:

  a.   In hiring and/or retaining its statutory employee driver, MANJIT SINGH;

  b.   In allowing and/or requiring its statutory employee, MANJIT SINGH, to drive the vehicle in question;

  c.   In failing to instruct, supervise, and control MANJIT SINGH;

  d.   In allowing and/or requiring MANJIT SINGH to drive the vehicle in question when it was unsafe for him to do so under the circumstances.

## GROSS NEGLIGENCE

15.   Plaintiff further alleges that the Defendant, by and through its acts and/or omissions, and through the acts and/or omissions of its statutory employee driver, Defendant, MANJIT SINGH as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of malice that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.   Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.   Plaintiff further alleges that Defendant's acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiff.   Plaintiff further alleges that the Defendant's acts and/or omissions of malice, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others,

including Plaintiff.   Plaintiff further alleges that Defendant had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.   In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## **DAMAGES**

16.    Plaintiff's damages include past, and probable future loss, which includes:

(a)    pain and mental anguish;

(b)    loss of earnings and earning capacity;

(c)    physical impairment;

(d)    disfigurement; and

(e)    necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

17.    Plaintiff alleges that the accident made the basis of this lawsuit, and Plaintiff's injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of Defendant as alleged and set forth herein.

18.    Plaintiff alleges that his damages exceed the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendant for actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

LUKE BICKHAM, P.C.
515 South Vine
Tyler, Texas   75702
Telephone:   (903) 533-8820
luke@lukebickham.com

By:      /s/Luke F. Bickham
         LUKE BICKHAM
         State Bar No. 00787080

ATTORNEY IN CHARGE